THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KING COUNTY, a municipal corporation in Washington State,<br><br>　　　　　Defendants. | CASE NO. C23-1279-JCC<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On August 22, 2023, the Honorable S. Kate Vaughan, United States Magistrate Judge, granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Dkt. No. 4.) Plaintiff's complaint (Dkt. No. 5) was entered shortly thereafter. Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). To avoid dismissal, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

MINUTE ORDER
C23-1079-JCC
PAGE - 1

(2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). The allegations must also support this Court's subject matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

To the extent the Court can discern the allegations, Plaintiff's suit under 42 U.S.C. § 1983 seems to target the Superior Court of King County, Judge Ramseyer (whose first name was not identified), and Bren Smith, who appears to be a law enforcement official, (hereby, "the Defendants"), although the latter two are not named-defendants in the Complaint. (Dkt. No. 5 at 2–3.) Plaintiff claims the Defendants removed her daughter from school on May 16, 2023, and then issued a dependency order two days later, without Plaintiff's written consent, to place her child in the foster care system. (*Id*. at 3.) Plaintiff claims this process would not have occurred had "King County [not] provid[ed] defective mandatory court forms to Bren Smith who then enforced the court orders unlawfully." (*Id*. at 4.) Plaintiff appears to raise three issues. First, that the King County court forms were "defective," "manipulated," and/or "altered." (*Id*. at 4–8.) Second, that Defendants "misappl[ied] the written law." (*Id*. at 6.) Third, that the deliberate manipulation and misapplication of state law violated her constitutional due process and equal protection rights. (*Id*. at 13.)

To the extent these allegations are true and well pled, they relate to the judicial process. Judges have absolute immunity for any acts they perform that relate to the "judicial process," even when such actions are driven by malicious or corrupt motives. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (internal citations omitted). Absolute immunity only fails to attach to judicial officers when they act clearly and completely outside the scope of their jurisdiction. *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir. 1985) (internal citations omitted). Furthermore, the King County Superior Court is likely not a proper defendant, as the Court is exempted from the majority of claims against judicial officers acting in their official capacity. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's

judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable); *Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004) (section 1983 contemplates judicial immunity from suit for injunctive relief for acts taken in a judicial capacity). Even if Plaintiff were to pinpoint a specific state actor, judicial immunity is not limited to judges and instead "[a]ll those who perform judge-like functions are immune from civil damages liability" *Ryan v. Bilby*, 764 F.2d 1325, 1328 n.4 (9th Cir. 1985) (citations omitted).

As to the remaining conduct alleged, the government officials are entitled to qualified immunity, which "shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Acosta v. City of Costa Mesa*, 718 F.3d 800, 824 (9th Cir. 2013). To pierce that immunity, Plaintiff must show a violation of a clearly established constitutional right—the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 639 (1987)). The allegations here regarding the conduct at issue are not sufficiently clear for the Court to assess whether Plaintiff's clearly established rights were violated.

But the Court will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted). Here, Plaintiff has not clearly articulated what redress she seeks from the Court. This may affect whether her claim may proceed or not, despite the high barriers of judicial and official immunity.

Accordingly, the Court ORDERS Plaintiff to file an amended complaint no later than twenty-one (21) days from the date of this order. In her amended complaint, Plaintiff must clearly explain what relief she seeks (*i.e.*, monetary damage, declaratory relief, injunctive relief), and, depending on this answer, she must provide facts to overcome the immunity barriers she faces, or name defendants who are not protected by that immunity. If Plaintiff fails to do so, the

Complaint will be dismissed with prejudice. The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

DATED this 23rd day of August 2023.

Ravi Subramanian
Clerk of Court

s/Samantha Spraker
Deputy Clerk