THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS, | CASE NO. C23-1279-JCC |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY, | |
| Defendant. | |

This matter comes before the Court *sua sponte*. On August 22, 2023, the Honorable S. Kate Vaughn, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 4.) Plaintiff's complaint (Dkt. No. 5) was entered shortly thereafter. Upon reviewing Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), this Court ordered Plaintiff to file an amended complaint by September 13, 2023, in which she clearly explains what relief she seeks, provides facts to overcome the immunity barriers she faces, and/or names defendants who are not protected by immunity. (*See* Dkt. No. 6.) Plaintiff failed to file an amended complaint by the set deadline, and instead, filed a reply to the order elaborating on the incident and seemingly targeting King County as the defendant. On September 19, 2023, Plaintiff filed a motion for leave to amend her complaint. Having thoroughly considered Plaintiff's briefing, the Court hereby DISMISSES the case with prejudice and DENIES Plaintiff's motion for leave to amend her complaint for the reasons explained herein.

Once a complaint is filed *in forma pauperis*, the Court must dismiss it before service if it is frivolous or "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, section 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez*, 203 F.3d at 1229. When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

In this case, Plaintiff failed to timely amend her complaint, despite being given an opportunity by this Court to do so. (*See* Dkt. No. 6.) Instead, Plaintiff responded to the Court's order by making a filing that merely elaborates on the incident and the harm she allegedly suffered. (*See generally* Dkt. No. 7.) To the extent this filing is considered in lieu of an amended complaint, Plaintiff's only material clarification appears to be with respect to her intended defendant. Initially, Plaintiff's complaint (Dkt. No. 5) seemed to target the Superior Court of King County, Judge Judith Ramseyer, and Bailiff Bren Smith. (*See* Dkt. No. 6 at 2.) In response to this Court's order outlining Defendants' immunity from suit, Plaintiff asserts that "Judge Judith Ramseyer and her Bailiff Bren Smith do not need to be named as defendants . . . only the county needs to be named." (Dkt. No. 7 at 2.) Accordingly, the Court treats this suit as one

ORDER
C23-1279-JCC
PAGE - 2

against King County and addresses Plaintiff's claim on that basis.

against King County and addresses Plaintiff's claim on that basis.

Plaintiff claims Defendants removed her daughter from school on May 16, 2023, and then issued a dependency order two days later, without Plaintiff's written consent, to place her child in the foster care system. (Dkt. No. 5 at 3.) Plaintiff asserts that this process would not have occurred had "King County [not] provid[ed] defective mandatory court forms to Bren Smith who then enforced the court orders unlawfully." (*Id.* at 4.) Plaintiff appears to raise three issues. First, that the King County Court's forms were "defective," "manipulated," and/or "altered." (*Id.* at 4–8.) Second, that Defendants "misappl[ied] the written law." (*Id.* at 6.) Third, that the deliberate manipulation and misapplication of state law violated her constitutional due process and equal protection rights. (*Id.* at 13.) Plaintiff fails to state a claim upon which relief can be granted.

First, neither Plaintiff's complaint nor her later filing identifies the requisite demand for relief, which is necessary to establish a means for redressability of Plaintiff's injury. *See* Fed. R. Civ. P. 8(a)(3); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Second, to the extent that Plaintiff's allegations are directed towards King County, the allegations fail to satisfy the requirements of *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). Here, Plaintiff argues that "King County government gave DCYF the tools they needed to enforce laws that simply do not exist." (Dkt. No. 7 at 5.) Moreover, she claims her children were removed from her custody "based on Defendants enforcing 'dependency' without having proof of child abuse and/or neglect," which was "made possible through court officials who believed their decisions on [court] forms were accurate . . . ." (*Id.* at 2.) This does not support the notion of formal policy or longstanding custom necessary for *Monell* liability to attach.[1] Moreover, even assuming Plaintiff has sufficiently alleged a constitutional violation,

---

[1] Under *Monell*, a governing body can be sued under § 1983 only where the challenged action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. Absent a formal governmental policy, a plaintiff must show a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir.

ORDER
C23-1279-JCC
PAGE - 3

1  Plaintiff fails to identify more than a single, isolated incident of unconstitutional activity relating
2  to her dependency case. This, without more, is insufficient to impose liability under *Monell*,
3  which requires Plaintiff to plausibly allege "practices of sufficient duration, frequency and
4  consistency" to suggest that such "conduct has become a traditional method of carrying
5  out policy." *Trevino*, 99 F.3d at 918. Accordingly, Plaintiff's claim fails to state a claim upon
6  which relief can be granted.
7       Based on the forgoing, the Court DISMISSES Plaintiff's complaint with prejudice and
8  DENIES Plaintiff's motion for leave to amend the complaint.
9       DATED this 20th day of September 2023.

   _John C. Coughenour_
   John C. Coughenour
   UNITED STATES DISTRICT JUDGE

---

1992). The custom must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Monell*, 436 U.S. at 691. Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *see also Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish custom); *Davis v. Ellensburg*, 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish policy).